IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ELOIS B. SMITH**                                                                                       **PLAINTIFF**

**V.**                                                                              **NO. 1:17-CV-35-DMB-DAS**

**MISSISSIPPI STATE UNIVERSITY, et al.**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Mississippi State University's motion to dismiss, Doc. #9; Linda Mitchell, Reuben Moore, Juli Rester, and Paula Threadgill's motion to dismiss, Doc. #8; and Elois B. Smith's motion to amend her complaint, Doc. #21.

## I
## Procedural History

On March 1, 2017, Elois B. Smith filed a complaint in this Court against Mississippi State University ("MSU"), Reuben Moore, Paula Threadgill, Linda Mitchell, and Juli[1] Rester. Doc. #1. In her complaint, Smith alleges claims for sex discrimination, race discrimination, and retaliation in violation of Title VII; and claims for violations of the First and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983. *Id*. at 5–8. On these claims, Smith seeks to recover compensatory and punitive damages. *Id*. at 8.

On March 30, 2017, Moore, Threadgill, Mitchell, and Rester (collectively, "Individual Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #8. The same day, MSU filed a motion to dismiss Smith's § 1983 claims and her demand for punitive damages pursuant to Rules 12(b)(1) and 12(b)(6). Doc. #9. Smith timely responded in opposition to both motions. Docs. #15, #17. MSU and the Individual Defendants

---

[1] "Julie" Rester, as named in the complaint, has been identified as Juli Rester. Doc. #26 at 1.

timely replied. Docs. #19, #20.

On June 7, 2017, Smith filed a motion to amend her complaint. Doc. #21. MSU and the Individual Defendants timely responded in opposition. Docs. #24, #26. Smith did not reply.

## II
## Motion to Dismiss Standards

The motions filed by MSU and the Individual Defendants both seek dismissal of Smith's claims under Rules 12(b)(1) and 12(b)(6).

### A. Rule 12(b)(1)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (quotation marks omitted).

## III
## Factual Allegations

Smith, an African American woman, started working at MSU as a Family Consumer

Science Extension Agent on October 1, 2014. Doc. #1 at ¶ 10. Since beginning work at MSU, Smith experienced "sexual harassment, hostility, and racial insensitivity from her peers and superiors." *Id*. at ¶ 11. Additionally, Smith was subjected to "offensive racial remarks and slurs" by the "Defendants"[2] and noticed that "a majority of African-American employees were terminated." *Id*. at ¶ 12. At some point, Smith reported the alleged sexual harassment to MSU's human resources department and received a response "approximately" two weeks later. *Id*. at 11.

On or about January 6, 2016, Smith met with Threadgill and an unidentified individual. *Id*. at ¶ 13. At this meeting, Smith was informed that she engaged in "unprofessional [behavior] towards a County Extension Sponsor." *Id*. As a result of this allegation, Smith received a "write-up" and was placed on an eight-week administrative leave. *Id*. Later, Smith contacted the county sponsor toward whom she was allegedly unprofessional, and the county sponsor "denied any unprofessional behavior" on Smith's part. *Id*. at ¶ 14.

Subsequently, Smith met with the "Defendants" regarding her report of sexual harassment and was "advised that her pay would increase as an incentive to cease all assertions … of sexual harassment." *Id*. at ¶ 15. After this meeting, Smith was excluded from meetings "directly related to her position" and "MSU management employees" instructed Smith's coworkers "not to associate with her." *Id*.

On or about March 9, 2016, Smith attended a meeting with Moore, Threadgill, Mitchell, and Rester. *Id*. at ¶ 17. During this meeting, Smith's employment with MSU was terminated and Moore instructed Smith that he "did not want to hear anything [she] ha[d] to say, and [she] should turn in any MSU property within [her] possession." *Id*. Smith's termination letter indicated that she was terminated for unprofessional behavior. *Id*. at ¶ 18.

---

[2] In her complaint, Smith defines "Defendants" as MSU, Moore, Threadgill, Mitchell, and Rester. Doc. #1 at 1.

# IV
# MSU's Motion to Dismiss

MSU's motion to dismiss seeks dismissal of Smith's § 1983 claims and her demand for punitive damages.

### A. § 1983 Claims

In the brief accompanying its motion, MSU argues that it is entitled to Eleventh Amendment immunity with respect to Smith's § 1983 claims and that it is not a "person" for the purposes of § 1983. In her response, Smith does not address either ground for dismissal. Rather, she discusses the elements of establishing an individual capacity claim under § 1983. Smith also contends that Eleventh Amendment immunity has been abrogated but only with respect to claims arising under Title VII, *id*. at ¶ 8; a statute not implicated by the motion to dismiss.

"Because sovereign immunity deprives the [federal] court of jurisdiction, … claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996). Generally, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. However, the Supreme Court has "routinely addressed *before* the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself permits the cause of action it creates to be asserted against States." *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000). Accordingly, the Court will first consider MSU's argument that it is not a "person" for the purposes of § 1983.

Section 1983 authorizes suits for damages against any

> person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ….

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[S]tate universities[,] as arms of the state[,] are not 'persons' under § 1983." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). Because it is well settled that Mississippi's state universities "are arms of the State," Smith cannot maintain a § 1983 action against MSU because it is not a "person" for the purposes of the statute. *Yul Chu v. Miss. State Univ.*, 901 F.Supp.2d 761, 772 (N.D. Miss. 2012). Accordingly, Smith's § 1983 claim against MSU will be dismissed.

### B. Punitive Damages Demand

MSU moves to dismiss Smith's demand for punitive damages arising from her Title VII claims because the "Civil Rights Act of 1991 precludes a punitive damages recovery against governments, government agencies, and political subdivisions." Doc. #11 at 5. In her response, Smith makes no mention of her claim for punitive damages and does not attempt to make an argument that punitive damages against MSU are proper. This failure amounts to an abandonment of the punitive damages demand. *See In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (claim abandoned when plaintiff failed to address claim in response to motion to dismiss).

Even had Smith responded to MSU's request to dismiss the punitive damages claim, the law is clear that punitive damages are unavailable in a Title VII claim against a governmental entity. *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 465–66 (5th Cir. 2001). Because punitive damages are unavailable, Smith's demand for punitive damages against MSU will be dismissed.

## V
## Individual Defendants' Motion to Dismiss

The Individual Defendants seek dismissal of the Title VII claims against them in their

individual capacities and the § 1983 claims against them in their official and individual capacities.

## A. Official Capacity § 1983 Claims

To the extent they are being sued in their official capacities, the Individual Defendants assert that they are entitled to Eleventh Amendment immunity on Smith's § 1983 claims.[3] In her response, Smith argues that Congress abrogated Eleventh Amendment immunity for Title VII claims. However, in their motion to dismiss, the Individual Defendants seek Eleventh Amendment immunity only for Smith's official capacity § 1983 claims.

"The Eleventh Amendment grants a state immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002) (citation omitted). The reach of immunity under the Eleventh Amendment extends to state agencies that are considered "arms of the state," *Will*, 491 U.S. at 70; and to claims for damages brought against state employees in their official capacities, *Morris v. Livingston*, 739 F.3d 740, 745–46 (5th Cir. 2014).

As discussed above, MSU is an arm of the state. *Yul Chu*, 901 F.Supp.2d at 772. Accordingly, unless an exception to Eleventh Amendment immunity applies, the Individual Defendants will be entitled to Eleventh Amendment immunity on Smith's official capacity claims.

"[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a state." *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). Additionally, under the *Ex parte Young* doctrine, a federal court may "command[] a state official to do nothing more than refrain from violating federal law …." *Id*. at 255.

Congress has not abrogated state sovereign immunity under § 1983. *Raj v. La. State Univ.*,

---

[3] Because the Individual Defendants did not assert that they are not "persons" for the purposes of Smith's § 1983 official capacity claims, the Court will only consider whether they are entitled to Eleventh Amendment immunity.

6

714 F.3d 322, 328 (5th Cir. 2013). Nor has MSU waived its Eleventh Amendment immunity or consented to be sued for claims arising under § 1983. *Yul Chu*, 901 F.Supp.2d at 774. Finally, for the *Ex parte Young* doctrine to apply, the plaintiff must seek injunctive relief against the named officials. *Stewart*, 563 U.S. at 254. Because Smith does not seek injunctive relief in her complaint, the *Ex parte Young* doctrine is not applicable here. Accordingly, Smith's § 1983 claims against the Individual Defendants in their official capacities will be dismissed without prejudice.

## B. Individual Capacity § 1983 Claims

In her complaint, Smith asserts § 1983 claims against the Individual Defendants based on violations of her First Amendment and Fourteenth Amendment rights. The Individual Defendants argue that dismissal of the § 1983 claims is proper because they are entitled to qualified immunity.

### 1. *Qualified immunity framework*

"[A] state actor is entitled to qualified immunity if his … conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Courts undertake a two-step analysis in assessing a defendant's claim of qualified immunity. In evaluating a motion to dismiss premised on qualified immunity, the first inquiry considers "whether the facts that a plaintiff has alleged … make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The second inquiry considers "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id*. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236.

"A plaintiff seeking to overcome qualified immunity must plead specific facts that both

7

allow the court to draw the reasonable inference that the defendant is liable for the harm [s]he has alleged and that defeat a qualified immunity defense with equal specificity." *Lincoln v. Barnes*, 855 F.3d 297, 301 (5th Cir. 2017) (brackets in original). To this end, Smith argues that her § 1983 claims brought under the First and Fourteenth Amendments are premised on the allegations that the Individual Defendants "turned a blind eye" to her report of sexual harassment and "conspired to devise a scheme to terminate [her] employment" instead of quickly investigating her sexual harassment complaint. Doc. #15 at 4–5.

## 2. *Conspiracy*

Where there is "uncertainty as to what particular wrongful acts [the defendants] performed," a "conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act." *Hill v. Gressert*, 705 F. App'x 219, 221 (5th Cir. 2017) (quoting *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)). Conclusory allegations cannot support a conspiracy claim under § 1983. *Priester v. Lowndes Cty*, 354 F.3d 414, 420 (5th Cir. 2002).

Here, Smith fails to allege the existence of a conspiracy. In her complaint, Smith alleges that some or all of the Individual Defendants were present at a meeting in which she was told "her pay would increase as an incentive to cease all assertions by [her] of sexual harassment" and that "MSU management employees excluded [her] from office planning meetings … and instructed [Smith's] co-workers not to associate with her." Doc. #1 at ¶ 15. However, Smith does not allege any facts that the Individual Defendants conspired to terminate her employment beyond the allegation that they all were present when she was informed of her termination.[4] *Rodriguez v.*

---

[4] Smith asserts an additional allegation with respect to Threadgill—that he was present at the meeting in which she was disciplined for "unprofessional behavior towards a county supervisor." This allegation does not support her conspiracy claim against Threadgill or any of the Individual Defendants because it alleges only Threadgill's presence at the meeting.

8

*Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) ("Plaintiffs must develop facts from which a trier of fact could reasonably conclude that [the defendant] agreed with others to commit an illegal act and that a deprivation of constitutional rights occurred.").

More fundamentally, a § 1983 "conspiracy claim is not actionable without an actual violation of section 1983." *Hale*, 45 F.3d at 920. As discussed below, Smith fails to establish that any of the Individual Defendants violated § 1983. Accordingly, the Individual Defendants are entitled to qualified immunity on Smith's § 1983 conspiracy claims.

### 3. *Failure to investigate or correct*

Smith argues that the Individual Defendants failed to investigate her report of sexual harassment promptly. In her complaint, Smith offers only a general timeline of her report of sexual harassment to MSU human resources. She does not indicate the date on which she reported the alleged sexual harassment to MSU's human resources department but states that she received a response "approximately two (2) weeks later." Doc. #1 at ¶ 11. Smith fails to identify which of the Individual Defendants—if any—were responsible for investigating her report of sexual harassment and which—if any—of the Individual Defendants failed to do so.

To the extent Smith asserts a claim for failure to investigate, such a claim fails. In her complaint, Smith admits that her report was investigated within two weeks of its filing and, sometime later, she participated in a meeting concerning the reported sexual harassment. Smith does not provide, nor has the Court found, any precedent supporting her assertion that an "approximately" two-week response time gives rise to a § 1983 claim. Even if such authority exists, Smith has not identified which of the Individual Defendants were charged with investigating her report or were dilatory in response, and she does not allege that the delayed response was because of animus based on a protected characteristic. Accordingly, Smith fails to

allege sufficient facts to show that the Individual Defendants violated her constitutional rights with respect to her § 1983 claims based on the two-week response time.

### 4. *First Amendment retaliation*

In her complaint, Smith alleges that the Individual Defendants violated her First Amendment rights. Doc. #1 at ¶ 44. To the extent Smith seeks redress for a violation of her First Amendment rights, it appears her claim is premised on being terminated in retaliation for filing her sexual harassment report. *See* Doc. #15 at 4–5.

"When a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved in the deprivation or that his wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (quotation marks omitted). Smith has not alleged that any of the Individual Defendants made the final decision, or even took part in the decision, to terminate her employment. She alleges only that they were present at her termination meeting. Accordingly, her claim against the Individual Defendants for retaliation must fail.

### 5. *Fourteenth Amendment Equal Protection*

Smith's complaint also alleges that her Fourteenth Amendment rights were violated. However, the Equal Protection Clause of the Fourteenth Amendment does not support a § 1983 claim for retaliation. *Matthews v. City of West Point*, 863 F.Supp.2d 572, 604 (N.D. Miss. 2012) (collecting cases). To the extent Smith's § 1983 claim against the Individual Defendants is rooted in the Fourteenth Amendment, because there is not a "clearly established" right under the Equal Protection Clause, the Individual Defendants are entitled to qualified immunity on Smith's § 1983 claims premised on the Fourteenth Amendment.

To the extent Smith's Fourteenth Amendment Equal Protection Clause claim is based on

the Individual Defendants' alleged failure to promptly investigate her report of sexual harassment, the Individual Defendants are entitled to qualified immunity because Smith has failed to adequately allege that any of the Individual Defendants violated her constitutional rights. As discussed above, Smith does not allege which, if any, of the Individual Defendants failed to investigate her report, nor which, if any, of the Individual Defendants were responsible for investigating the alleged sexual harassment. Due to these deficiencies, qualified immunity shelters the Individual Defendants from this claim. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (plaintiff must plead specific facts to overcome qualified immunity on motion to dismiss).

### C. Individual Capacity Title VII claims

The Individual Defendants seek to dismiss Smith's Title VII claims against them because relief under Title VII is available only against an employer, not coworkers or supervisors. In response, Smith fails to contest the Individual Defendants' argument that she cannot bring a Title VII action against them individually.

"[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). Because the Individual Defendants were Smith's coworkers and supervisors, she cannot maintain a Title VII claim against them.

## VI
## Smith's Motion to Amend

Smith requests leave to amend her complaint to add additional state law claims. Doc. #21 at ¶ 3. Specifically, in her proposed amended complaint, Smith seeks to add three additional claims: (1) intentional infliction of emotional distress against MSU and the Individual Defendants; (2) negligent infliction of emotional distress against MSU and the Individual Defendants; and (3) negligent hiring, supervision, and retention against MSU. Doc. #21-1 at 8–11. MSU and the

11

Individual Defendants oppose Smith's motion to amend on the ground of futility.

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GMBH*, 839 F.3d 422, 428 (5th Cir. 2016) (alterations and quotation marks omitted). However, a "court need not grant a futile motion to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### A. MSU

MSU argues that Smith's proposed claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, retention, and supervision are futile because, as an "arm of the state," it is entitled Eleventh Amendment immunity. Doc. #24 at 5–7. As discussed above, because MSU is considered an "arm of the state," it is entitled to Eleventh Amendment immunity for state and federal claims so long as no exception to immunity exists.

Congress has not abrogated Mississippi's Eleventh Amendment immunity for state law claims. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting states ...."). Nor has Mississippi waived its immunity or consented to be sued for state-law based torts. *See* Miss. Code. Ann. § 11-46-5(4) ("Nothing contained in [the Mississippi Tort Claims Act] shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment ...."). Finally, because Smith does not seek injunctive relief, the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable.

Because the proposed amendments against MSU would be futile, Smith's motion to amend

12

her complaint to add state law claims against MSU will be denied.

### B. Individual Defendants

Smith's proposed amended complaint asserts claims against the Individual Defendants in their official and individual capacities.

### *1. Official capacity claims*

To the extent Smith's proposed amended complaint seeks to recover from the Individual Defendants in their official capacities, for the reasons discussed above, such amendment would be futile because the Individual Defendants, sued in their official capacities, are entitled to Eleventh Amendment immunity. Accordingly, Smith's motion to amend, to the extent it seeks recovery from the Individual Defendants in their official capacity, will be denied.

### *2. Individual capacity claims*

The Individual Defendants argue that allowing amendment for Smith to add her proposed claims against them in their individual capacities would be futile because they are entitled to immunity under the Mississippi Tort Claims Act ("MTCA").

The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). Because the proposed amended complaint alleges that all of the Individual Defendants were "acting within the scope of [their] employment" at "all relevant times,"[5] the Individual Defendants are entitled to the immunity provided by the MTCA.

While the MTCA does not provide immunity against claims that allege malicious conduct,[6] Smith's proposed amended complaint, even construed liberally, does not allege that any of the

---

[5] Doc. #21-1 at 2.

[6] *See Miss*. Code Ann. § 11-46-7(2).

Individual Defendants acted with malice. The Individual Defendants are thus entitled to immunity under the MTCA for the state law claims in Smith's proposed amended complaint, rendering them futile and not appropriate for amendment.

## VII
## Conclusion

For the reasons above, MSU's motion to dismiss [9] is **GRANTED**; the Individual Defendants' motion to dismiss [8] is **GRANTED**; and Smith's motion to amend [21] is **DENIED**.

**SO ORDERED**, this 16th day of February, 2018.

    **/s/Debra M. Brown**
    **UNITED STATES DISTRICT JUDGE**